**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3129-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN D. GABRIELE, a/k/a JOHN
TEMPLEMAN, a/k/a ROCCO MARONE,
a/k/a WILLIAM BURNS, a/k/a JOHN
MARONE, a/k/a JOHN TEMPLETON,

    Defendant-Appellant.

_____

Submitted May 31, 2017 — Decided November 6, 2017

Before Judges Messano and Suter.

On appeal from the Superior Court of New
Jersey, Law Division, Ocean County,
Indictment No. 12-03-0521.

Joseph E. Krakora, Public Defender, attorney
for appellant (Robert Carter Pierce,
Designated Counsel, on the brief).

Joseph D. Coronato, Ocean County Prosecutor,
attorney for respondent (Samuel Marzarella,
Chief Appellate Attorney, of counsel;
Roberta DiBiase, Senior Assistant
Prosecutor, on the brief).

The opinion of the court was delivered by

SUTER, J.A.D.

Defendant appeals the order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2012, defendant altered a prescription to make it appear that he had been prescribed a controlled dangerous substance (CDS). When he took the altered prescription to be filled, the pharmacy contacted the police and he was arrested. Defendant was indicted for third-degree attempt to obtain CDS by fraud, N.J.S.A. 2C:35-13, and third-degree uttering a forged instrument, N.J.S.A. 2C:21-1(a)(3). Just before trial, defendant pled guilty to both charges. The plea form set forth there was no sentencing recommendation by the State, and that it would file a motion to request extended term sentencing. The form stated the defense would ask the court to consider a "flat sentence," and that defendant had not been made promises other than those mentioned on the plea form.

Defendant was sentenced in 2014. The sentencing court considered a credit memorandum that detailed defendant's cooperation with the police on its investigation of an alleged drug dealer and in certain controlled purchases of CDS. A copy of the credit memorandum was supplied to counsel. The sentencing court gave "substantial" weight to mitigating factor number twelve. See N.J.S.A. 2C:44-1(b)(12) ("The willingness of the defendant to cooperate with law enforcement authorities."). However, the court found that aggravating factors three, six and

nine, outweighed mitigating factors one, two, four, eleven and twelve. Defendant was sentenced to an extended term of five years on each count to run concurrently.

Defendant filed a direct appeal, arguing only that his sentence was excessive. We affirmed his sentence. State v. Gabriele, No. A-0283-14 (App. Div. Jan. 13, 2015).

Defendant filed a PCR petition in January 2015, in which he raised a claim of ineffective assistance of counsel. This petition was supplemented by a letter brief from PCR counsel. Defendant alleged that his trial counsel failed to "file[] a motion to compel the terms of the cooperation agreement." He alleged this would have "established [his] right" to have the charges dismissed or downgraded to disorderly persons offenses. He alleged he cooperated with the police on other investigations, but rather than having his charges dismissed, he was indicted. When that occurred, he "yelled, screamed and cursed" at the police and they retaliated by breaching their cooperation agreement.

On January 13, 2016, the PCR court denied defendant's petition. In rejecting defendant's claim of ineffective assistance of counsel, the court found that defendant did not allege "specific facts and evidence supporting his allegations" that he was given "a specific promise of a specific sentence" and that his cooperation with the police had been taken into

consideration by the sentencing judge.   Finding no "reasonable likelihood of success . . . on the merits of this case," the PCR court denied defendant's request for an evidentiary hearing.

Defendant presents the following issues for our consideration in his appeal.

> THE TRIAL COURT ERRED IN DENYING MR. GABRIELE'S PCR WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO FILE A MOTION THAT ALLEGED THE STATE BREACHED THEIR COOPERATION AGREEMENT WITH MR. GABRIELE BY NOT DISMISSING OR AMENDING THE CHARGES AFTER HE HAD FULLY COOPERATED WITH THE STATE.

We are not persuaded by any of these arguments and affirm.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987).   In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair

4

trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

"[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Porter, 216 N.J. 343, 353 (2013) (alteration in original) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999)).

Defendant contends his trial counsel erred by not filing a motion to enforce the oral promises that he alleged were made to him arising from his cooperation with the police on their other investigations. We agree with the PCR court, however, that defendant presented no proof there was any such agreement.

Defendant agreed in the plea form and on the record at his plea that no promises were made to him. It was clear the State was seeking a term of incarceration, because the form stated that the prosecutor intended to, and did, request extended term sentencing. When defendant raised the issue before he was sentenced, the court reviewed the credit memo and took that into

consideration. The judge asked defendant if the credit memo was "all we're talking about" and defendant agreed. The sentencing court found mitigating factor twelve, that defendant cooperated with the police, and gave that factor significant weight. No one indicated that the credit memo memorialized any specific agreement about sentencing. In his direct appeal, defendant challenged the length of the sentence, again not raising any issue about an agreement on sentencing.

The record is simply devoid of any facts or evidence of a promise made to defendant about sentencing. In the absence of such facts, defendant has not shown that his counsel erred by not filing a motion to enforce nor has he shown that he was prejudiced. Defendant was sentenced at the lowest end of the extended term range and then both five-year sentences were concurrent.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland/Fritz test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3129-15T4